[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 16, 2005
THOMAS  K. KAHN
CLERK

No. 04-12665
Non-Argument Calendar

_____

D.C. Docket No. 03-00019-CR-2-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON EDWARD STEVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(August 16, 2005)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). We previously affirmed Stevens' sentence. *See United States v. Stevens*, Case No. 04-12665 (11th Cir. Dec. 29, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker.*

In his initial brief on direct appeal, Stevens asserted: (1) the district court erred when it found he possessed a firearm during the robbery and enhanced his sentence accordingly, and (2) in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), his sentence should not have been enhanced based on facts found by the sentencing judge. On reconsideration, we reinstate our opinion as to the possession of firearm enhancement and consider the *Booker* claim only.

Because Stevens did not raise a *Blakely* or *Booker* objection in the district court, his *Booker* claim should be reviewed under the plain-error standard. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

> An appellate court may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings.

*Id.* (internal quotations and citation omitted). We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or constitutional, error based upon sentencing enhancements imposed under a mandatory Guidelines system neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

Stevens meets the first two prongs of the plain-error test for Sixth Amendment error because his sentence was enhanced, under a mandatory Guidelines system, based on facts neither admitted by him or found by a jury. *Rodriguez*, 398 F.3d at 1298–99. However, Stevens cannot meet the third prong of the plain-error test. There is not "a reasonable probability of a different result if the [G]uidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *See id.* at 1301. Although the district court sentenced Stevens at the low end of his Guidelines range, that is not enough to show the district court would have imposed a different sentence under an advisory regime. *See United States v. Fields*, 408 F.3d 1356, 1361 (11th Cir. 2005). There is nothing in the record indicating the district court would have imposed a different sentence if the Guidelines would have been treated as advisory. Thus,

3

the district court did not commit *Booker* constitutional plain error, by enhancing Stevens' sentence based on facts neither admitted by him nor found by a jury.

Stevens also meets the first two prongs of the plain error test for statutory error because he was sentenced under a mandatory Guidelines system. *See Shelton*, 400 F.3d at 1330–31. However, again, Stevens cannot meet the third prong because there is not "a reasonable probability of a different result if the [G]uidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *See id.* at 1332 (quoting *Rodriguez*, 398 F.3d at 1301). Thus, the district court did not commit *Booker* statutory plain error by sentencing Stevens under a mandatory Guidelines regime. We affirm Stevens' sentence.

OPINION REINSTATED IN PART; AFFIRMED IN PART.